Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAFIYQ JONES

                    Plaintiff                  CIVIL ACTION:

v.

THE CITY OF NEW YORK,
POLICE OFFICER ROBERT HOLMES (SHEILD# 217)
POLICE OFFICER LIANG LIN (SHEILD# 20340)

                                          VERIFIED COMPLAINT
                                          JURY CLAIM
                                          AS TO ALL COUNTS

                    Defendants

---

**INTRODUCTION**

SHAFIYQ JONES ["JONES"] a resident of Bronx County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: False Arrest
2. Violation of 42 U.S.C. 1983: False Imprisonment
3. Violation of U.S.C. 1983: Excessive Force
4. Assault and Battery
5. Violation of 42 U.S.C. 1983: Malicious Prosecution
6. Intentional Infliction of Emotional Distress
7. Violation of 42 U.S.C. 1983: Conspiracy
8. Negligence

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff SHAFIYQ JONES [hereinafter "JONES"] is a natural person residing in The Bronx, New York, United States of America; was a resident of The Bronx during all relevant times of this action.

5. Defendant City of New York (hereinafter "CITY") is a properly incorporated city in the State of New York

6. Defendant Police Officer Robert Holmes (hereinafter "HOLMES") is an employee of the New York Police Department.

7. Defendants Police Officer Liang Lin (hereinafter "LIN") is an employee of the New York Police Department.

8. At all times material to this Complaint, Defendants CITY and the named police officers acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

9. At all relevant times quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

## FACTS

10. In the evening of October 13, 2017, at approximately 11:00pm, JONES received a phone call from a family friend that his nephew, Jaquan Smalls, had been shot and killed.

11. JONES immediately headed to St. Barnabas Hospital, where his nephew was initially being treated

12. JONES got to the hospital at approximately 11:15pm, along with other family members, concerned for the well-being of Mr. Smalls.

13. Once JONES arrived at the hospital, he was escorted downstairs to the morgue area to view the body of his nephew.

14. JONES' family was also in the downstairs area right outside the doors of the morgue and were visibly upset and emotional due to the death of Mr. Smalls. Considering such, JONES tried to calm his family down.

15. The police, including Defendants HOLMES and LIN, arrive and inform JONES and his family that only immediate family can stay inside the morgue area.

16. JONES attempts to go inside the morgue upon the attending doctors giving him permission to enter, but the arriving police officers, including HOLMES and LIN, blocked JONES from entering.

17. JONES explained he was being allowed entry by the doctors but was pushed HOLMES.

18. JONES stepped back, put his hands up and asked why he was pushed.

19. Before he could defend himself, JONES was slammed against the wall and assaulted by HOLMES and LIN among other NYPD officers that reported to the scene.

20. As a result of the aforementioned assault, JONES lost consciousness.

21. JONES was arrested and then brought to the 48th precinct in the County of the Bronx.

22. JONES remained at central booking for roughly 1 ½ hours.

23. During those 1 ½ hours, it was determined that JONES' injuries were so significant that he needed medical attention.

24. As a result, JONES was brought to Lincoln Hospital before being brought to central booking.

25. JONES was brought to central booking after leaving Lincoln Hospital in police custody and was arraigned on charges of resisting arrest and Obstructing Governmental Administration.

26. JONES was released and appeared in court over the next two years until May 15, 2019 when the case was dismissed.

27. JONES later learned he suffered a torn left rotator cuff at the hands of the aforementioned officers.

**COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST**

28. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above with the same force and effect as if herein set forth.

29. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

30. Acting under color of law, Defendant's engaged in a denial of JONES' rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

31. There was no probable cause for the October 13, 2017 arrest and incarceration of JONES and as a result his constitutional rights were violated.

32. As a result of the Defendant's unlawful and malicious action JONES was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless of callous indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

**COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT**

33. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth.

34. As a result of the unlawful and malicious arrest of JONES for which there was no probable cause, JONES was incarcerated for roughly 24hours without justification or consent, whereby Defendants deprived JONES of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $100,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000.00 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 3: VIOLATION OF 42 U.S.C. 1983: EXCESSIVE FORCE**

35. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above with the same force and effect as if herein set forth.

36. The conduct and actions of HOLMES and LIN, acting in concert and under color of law, in authorizing, directing and/or causing JONES to be repeatedly punched about the face and body, was excessive and unreasonable, was done intentionally, willfully, maliciously, with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs rights as guaranteed under 42 U.S.C. Sec 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable and unjustified force.

37. As a direct and proximate result of the foregoing, Plaintiff was subject to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands judgment for the excessive force used against him by the Defendants against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 4: ASSAULT AND BATTERY**

38. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 above with the same force and effect as if herein set forth.

39. By the aforementioned conduct described above, Defendants inflicted the torts of assault and battery upon JONES. The acts and conduct of HOLMEs and LIN were the direct and

proximate cause of injury and damage to JONES and violated JONES' statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York

40. HOLMES and LIN's acts constituted an assault upon Plaintiff in that aforementioned Defendants intentionally attempted to injure JONES or commit battery upon him.

41. HOLMES and LIN's acts constituted a battery upon JONES in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

42. The actions of HOLMES and LIN were intentional, reckless, and unwarranted, and without any just cause or provocation, and aforementioned Defendants knew, or should have known that their respective actions were without the consent of JONES.

43. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described above, and JONES did not contribute thereto.

44. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured, including but not limited to a town left rotator cuff.

WHEREFORE, Plaintiff demands judgment for the assault and battery exerted against him towards all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION

45. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46. Défendants, intentionally and maliciously, instituted and pursued a criminal action against JONES that was brought without probable cause and was dismissed in JONES' favor.

47. As a result of the concerted unlawful and malicious prosecution of JONES, the Defendants deprived JONES of both his right to liberty without due process of law and his right to equal

protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 47 above with the same force and effect as if herein set forth.

49. Defendants intentional and reckless conduct resulted in the extended incarceration of JONES.

50. The failure of the Defendants to properly exercise discretion in who they arrest was extreme and outrageous conduct, and this conduct was the actual and proximate cause of severe emotional distress suffered by JONES due to his wrongful imprisonment.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 7: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

51. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 above with the same force and effect as if herein set forth.

52. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of JONES.

53. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

54. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

55. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

56. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-50 above, Plaintiff suffered loss of physical liberty, severe physical pain and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 8: NEGLIGENCE**

57. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 above with the same force and effect as if herein set forth.

58. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

59. Defendants breached that duty to JONES when they arrested him for assault when there was, no probable cause sufficient to support a finding that JONES was in any way committing a crime before the police approached him.

60. As a result of the breach, which were the actual and proximate cause of JONES' injury, JONES suffered harm and damages.

61. Defendants are also liable under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate.

Respectfully submitted,

SHAFIYQ JONES
By his attorney
April 14, 2022



Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

_____
SHAFIYQ JONES

Subscribed and sworn to before me, this 14th day of April 2022

_____
Notary Public

> CONWAY C MARTINDALE II
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02MA6383802
> Qualified in New York County
> My Commission Expires: 11/20/22