

**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN J. GOTTSTEIN**
*Assistant Corporation Counsel*
phone: (212) 356-2262
fax: (212) 356-1148
egottste@law.nyc.gov

January 20, 2023

**BY ECF**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*Application GRANTED. The parties shall submit a joint status report every three months until the Court orders otherwise. The Clerk of Court is directed to terminate ECF No. 23. SO ORDERED.*

*[signature]*

*January 20, 2023*

Re:   Shafiyq Jones v. The City of New York, et al.
       22 Civ. 3924 (JMF)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendants the City of New York and Police Officer Liang Lin in the above-referenced matter. Defendants submit this letter (1) in response to the Court's May 17, 2022 Scheduling Order and January 17, 2023 Order, and (2) to respectfully request an adjournment *sine die* of the initial conference currently scheduled for January 25, 2023.[1]

**(1) A brief statement of the nature of the action and the principal defenses thereto.**

      By way of background, plaintiff filed the complaint in this action on May 13, 2022, alleging, *inter alia*, that two NYPD police officers wrongfully arrested him on October 13, 2017. Plaintiff brings federal claims of false arrest, excessive force, malicious prosecution, and civil conspiracy, as well as state law claims of false imprisonment, assault and battery, intentional infliction of emotional distress, and negligence. On September 28, 2022, upon finding that

---

[1] Defendants apologize that this letter does not fully comply with the Court's Order to file it jointly with plaintiff by yesterday, January 19th. On Tuesday this week, the undersigned informed plaintiff's counsel that defendants would draft the joint letter and send it to him to review before filing, and plaintiff's counsel acknowledged that plan. That draft was emailed to plaintiff's counsel at 4:48 p.m. yesterday, and the undersigned attempted to follow up with plaintiff's counsel by phone at 7:00 p.m., but I still have not received a response. Defendants file this letter now to avoid further delay.

plaintiff timely served the City and Officer Lin, the Court permitted this case to proceed against those two defendants. Defendants' principal defenses include, but are not limited to: (1) the relevant statutes of limitations bar all of plaintiff's claims except for his federal malicious prosecution claim against Officer Lin; (2) plaintiff's arrest and subsequent prosecution were supported by probable cause; and (3) any force used to arrest plaintiff was objectively reasonable.

**(2) A brief explanation of why jurisdiction and venue lie in this Court.**

As alleged in plaintiff's complaint, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because plaintiff's arrest and prosecution occurred within the Southern District of New York.

**(3) A statement of all existing deadlines, due dates, and/or cut-off dates.**

Because this action has been designated for participation in SDNY Local Civil Rule 83.10 (formerly the "Section 1983 Plan"), Local Rule 83.10 determines the current deadlines in the case. Plaintiff served the City with the necessary § 160.50 release yesterday afternoon; therefore defendants' deadline to answer, move, or otherwise respond to the complaint is **March 20, 2023**. See Local Rule 83.10(3). The parties intend to adhere to the remaining "Plan" deadlines, which will be calculated based on the date that defendants file their answer.[2] See generally, R. 83.10(4)-(8).

**(4) A brief description of any outstanding motions;**

There are no outstanding motions at this time.

**(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;**

Discovery has not yet commenced in this case and, therefore, the parties have not exchanged any discovery to date. Defendants believe that production of the body-worn camera footage of plaintiff's arrest and the criminal court complaint is necessary before the parties can engage in meaningful settlement negotiations.

**(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;**

The parties have not discussed settlement to date.

**(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of**

---

[2] Before the undersigned sent plaintiff's counsel a draft joint letter to review, both parties agreed to proceed under the limited discovery and mediation timeline set forth in Local Rule 83.10.

**a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and**

The parties do not believe that any alternative dispute resolution mechanisms would be appropriate at this time. The parties will participate in Plan mediation at the appropriate time, assuming defendants do not move to dismiss the case.

**(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Given the current posture of the case and our designation for participation in Local Rule 83.10, defendants believe that they can forego the initial conference and herein request that it be adjourned. If defendants decide to answer the complaint rather than to move to dismiss it, the parties will adhere to the limited discovery schedule set forth in Local Rule 83.10. To that effect, defendants respectfully request that the Court adjourn, *sine die*, (1) the Rule 16(b) conference scheduled for January 25, 2023, and (2) the parties' deadline to submit a proposed Case Management Plan and Scheduling Order.[3] If the case should proceed beyond Plan discovery and mediation, the parties will write to the Court at that time to request a Rule 16(b) conference and propose a schedule for the remainder of discovery.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

*Evan J. Gottstein*  /s/

Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Via ECF
Conway C. Martindale II
*Attorney for Plaintiff*

---

[3] Plaintiff has not indicated a position on these adjournment requests.