UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                      :

SHAFIYQ JONES,                               :

                   Plaintiff,             :

                                 :           22-CV-3924 (JMF)

       -v-                       :

                                 :       <u>ORDER TO SHOW CAUSE</u>

THE CITY OF NEW YORK et al.,      :

                                 :

                 Defendants.      :

                                 :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 12, 2023, the Court ordered the parties to appear for a conference yesterday to address Defendants' motion to dismiss. *See* ECF No. 40. Plaintiff's counsel, Conway Martindale, did not appear — even after the Court's staff sent him an email in the morning to remind him about the conference.[1] That would be bad enough, but it is hardly the first failing on Mr. Martindale's part during this case. Indeed, the docket reflects a litany of failures:

- On August 23, 2022, the Court issued an Order to Show Cause why the case should not be dismissed for failure to serve the summons and complaint within the ninety days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. *See* ECF No. 14. Mr. Martindale failed to respond to the Order to Show Cause.

- As a result of Mr. Martindale's failure to respond to the Order to Show Cause, the Court dismissed the case without prejudice on September 12, 2022. ECF No. 15. Three days later, *defense counsel* advised the Court that the City had, in fact, been served with the summons and complaint. *See* ECF No. 16. Seven days later, Mr. Martindale filed a letter blaming "an oversight" from his "office" for the failure to docket proof of service on the City and one individual Defendant. *See* ECF No. 18. Notwithstanding Mr. Martindale's failure to comply with the Order to Show Cause, the Court vacated the dismissal as to the City and the one individual Defendant who had been served. *See* ECF No. 19.

- On May 11, 2023, Defendants filed their motion to dismiss. *See* ECF No. 29. The Court issued an Order giving Plaintiff until June 1, 2023, to amend the Complaint or, until June 9,

---

[1] That email, and Mr. Martindale's response from this morning, are attached. Mr. Martindale's response is succinct, but entirely unsatisfactory: "Good morning,…I was out of the office yesterday and did not have this conference in my calendar."

2023, to oppose the motion to dismiss.  *See* ECF No. 32.  Mr. Martindale failed to file anything by either deadline, prompting the Court, on June 13, 2023, to enter a second Order to Show Cause.  *See* ECF No. 33.

- On June 22, 2023, Mr. Martindale responded to the Order to Show Cause, once again blaming his "office" for "fail[ing] to mark the new deadlines" and noting that he had been "sick and bedridden most of the week of June 12th" (notably, a date that fell *after* the deadline to respond to Defendants' motion to dismiss).  ECF No. 34.  Mr. Martindale requested a three-week extension of time to file Plaintiff's opposition.  *See id.*  The next day, the Court issued an Order "grudgingly" granting Mr. Martindale a one-week extension.  ECF No. 35.  Making the Court's frustrations with Mr. Martindale plain, the Order stated as follows:

> This is not the first time that Plaintiff's counsel's failure to comply with deadlines has caused the Court to issue an Order to Show Cause and risked dismissal of Plaintiff's case.  *See* ECF Nos. 14, 18, 19.  Nor is it the first time that Plaintiff's counsel has blamed his failure to comply on an oversight by his "office."  *See* ECF No. 19.  To be clear: Counsel is responsible for the conduct of his "office" and if his office cannot keep track of basic case management deadlines, the responsibility lies with him.  Nor is it justification for counsel's failures.

> *Id.*

- On June 30, 2023, Mr. Martindale filed his opposition to the motion to dismiss.  To put it mildly, the opposition leaves something to be desired.  Caption and signature block aside, it is a mere two pages and it is entirely conclusory; it lacks even a single citation to the Complaint.  Nor does it respond, even in conclusory fashion, to Defendants' lead argument that "nearly all of Plaintiff's claims are barred by the statute of limitations."  ECF No. 31 ("Defs.' Mem."), at 3 (capitalization altered).

This is no way to litigate a case — in this Court or any other — and the Court is out of patience.  Mr. Martindale is ORDERED to show cause in writing, **no later than July 27, 2023**, why sanctions should not be imposed on him for his failure to appear at the July 19, 2023 conference and for his repeated failures to comply with Court orders during this litigation.  Further, to ensure that Mr. Martindale's client is fully aware of his dreadful record, Mr. Martindale shall, **no later than July 24, 2023**, serve a copy of this Order to Show Cause on his client and file proof of such service on the docket.  Failure to do so will result in (potentially additional) sanctions.

As for Defendants' motion to dismiss, which was to be the subject of the conference to be held yesterday: The motion is GRANTED in its entirety, substantially for the reasons set forth in

Defendants' memorandum of law, *see* Defs.' Mem. 3-12, and, as to the claims other than the

malicious prosecution claim, on the basis of abandonment, *see, e.g.*, *Leath v. County of Orange*, No.

18-CV-7318 (NSR), 2020 WL 4016530, at *6 (S.D.N.Y. July 15, 2020) ("It is well-settled that the

failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument

and abandonment of the claims." (collecting cases)); *accord City of Perry v. Procter & Gamble Co.*,

188 F. Supp. 3d 276, 287 (S.D.N.Y. 2016).

     The Court reserves judgment on whether to grant Plaintiff leave to file an amended

complaint with respect to the malicious prosecution claim against Officer Lin.  If Plaintiff wishes to

amend the Complaint, Plaintiff shall, no later than **July 31, 2023**, file a supplemental memorandum

of law identifying with specificity the facts that he could and would add to an amended pleading to

address the deficiencies identified in Defendants' motion, namely that the Complaint (1) fails to

allege that Officer Lin was personally involved in initiating the criminal proceeding against him,

particularly in light of the prosecutor's intervening judgment to bring a charge and the fact that

Officer Holmes signed the criminal complaint, *see* Defs.' Mem. 8-10; and (2) fails to allege that

Officer Lin acted with actual malice, *see id.* at 11.  Plaintiff shall attach to the supplemental

submission a copy of his proposed amended complaint, along with a redline showing the changes

made to the existing Complaint.  Failure to file such a supplemental submission by the deadline will

result in denial of leave to amend without further notice.  **And Mr. Martindale is warned: No**

**extensions of the deadline will be granted.**

     The Clerk of Court is directed to terminate ECF No. 29.

     SO ORDERED.

Dated: June 13, 2023
     New York, New York

JESSE M. FURMAN
United States District Judge

**Furman NYSD Chambers**

| | |
|---|---|
| **From:** | Conway Martindale <conwaymartindale@yahoo.com> |
| **Sent:** | Thursday, July 20, 2023 9:59 AM |
| **To:** | 'egottste@law.nyc.gov'; Furman NYSD Chambers |
| **Subject:** | Re: 22-CV-3924 Jones v. City of New York |

**CAUTION - EXTERNAL:**

Good morning,...I was out of the office yesterday and did not have this conference in my calendar.

Please advise.

Martindale & Associates, PLLC
295 Madison Avenue, 12th Floor
New York, N. Y. 10017
Phone: (212)405-2233
Fax: (866)526-7116
www.martindaleandassoc.com

On Wednesday, July 19, 2023 at 09:03:01 AM EDT, Furman NYSD Chambers <furman_nysdchambers@nysd.uscourts.gov> wrote:

Dear counsel,

As you know, a conference in the above-captioned case will be held by telephone **today at 3 p.m.**  Counsel are reminded that, pursuant to Rule 3(B)(i) of the Court's Individual Rules and Practices in Civil Cases, counsel are required to send a joint email to the Court at least 24 hours before the conference with a list of counsel who may speak during the teleconference, and the telephone numbers from which they expect to join the call.  Please send that information as soon as possible.

Thank you,

Chambers



**Chambers of the Hon. Jesse M. Furman**
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007
Email: Furman_NYSDChambers@nysd.uscourts.gov
Office:  212-805-0282

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.