UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
           :
SHAFIYQ JONES,           :
           :
           Plaintiff,           :
           :      22-CV-3924 (JMF)
           -v-           :
           :      ORDER
THE CITY OF NEW YORK et al.,           :
           :
           Defendants.           :
           :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On July 20, 2023, the Court ordered Plaintiff's counsel, Conway Martindale, to show cause why sanctions should not be imposed on him for his repeated failures during this litigation, including his failure to appear at a conference held on July 19, 2023.  *See* ECF No. 41.  On July 27, 2023, Mr. Martindale responded, acknowledging his "repeated failures" and that he "underst[ood] why sanctions" were "bring proposed."  ECF No. 42, at 1.  Mr. Martindale explained, however, that his "repeated failures" were "a product of being overwhelmed" with his caseload, purportedly itself a product of the fact that he has "tak[en] on too much, leading to missteps and oversights," in an effort to "climb out of" a "huge financial hole" caused by the COVID-19 pandemic.  *Id.*

       Mr. Martindale's response does not dispute the appropriateness of sanctions.[1]  The fact that Mr. Martindale took on too much work may be an explanation for his behavior, but it is no justification.  Indeed, it is a lawyer's responsibility to ensure that he does not take on so much work that he is unable to comply with Court orders and serve each of his clients consistent with

---

[1] Making matters worse, Mr. Martindale failed to comply with yet another Order of the Court. The Court's Order to Show Cause directed that he serve a copy of the Order on his client and file proof of such service on the docket.  ECF No. 41, at 2.  The Order explicitly warned that "[f]ailure to do so will result in (potentially additional) sanctions."  *Id.*  Mr. Martindale's response to the Order, however, is silent with respect to whether he served it on his client.  *See* ECF No. 42.

professional standards.  Mindful of Mr. Martindale's financial circumstances, however, the Court concludes, in an exercise of its discretion, that the appropriate sanction is not, at least in the first instance, financial.  Instead, Mr. Martindale is ORDERED to attend a minimum of two hours of continuing legal education ("CLE") on issues relating to law office management within six months of this decision.  Such CLE must not be counted towards, and will be in excess of, his CLE requirements for the New York bar and/or any other state bar to which he belongs.  The CLE must be approved by state CLE authorities.  *See, e.g.*, *Perez v. Edwards*, No. 20-CV-1359 (LJL), 2023 WL 2267376, at *6 (S.D.N.Y. Feb. 28, 2023) (imposing a similar sanction and citing cases).

No later than **April 10, 2024**, Mr. Martindale shall file an affidavit attesting to his fulfilment of these requirements; the certification shall include copies of the certificates of attendance.  Failure to comply will result in additional (most likely financial) sanctions as well as referral to the Court's Grievance Committee.

SO ORDERED.

Dated: August 10, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge